UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

UNITED STATES OF AMERICA,  :   03 Cr. 1452 (LMM)

    - v -  :   MEMORANDUM AND ORDER

DAVID RUTKOSKE,  :

        Defendant.  :

-----------------------------------x

McKENNA, D.J.,

**1.**

The above defendant was convicted after trial of securities fraud and conspiracy to commit securities fraud and sentenced by the late Judge Richard Conway Casey to, principally, 108 months of imprisonment. On appeal, the Second Circuit affirmed the conviction and remanded for resentencing. United States v. Rutkoske, 506 F.3d 170 (2d Cir. 2007).

Judge Casey calculated a Guidelines sentence range of 108-135 months based on a Criminal History Category of I and a Total Offense Level of 31, 15 levels of which were the result of the application of then U.S.S.G. § 2F1.1(b)(1)(P) on the basis that the loss for Guidelines purposes was more than $10 million, i.e., $12,057,928.[1] The Court of Appeals required "a remand to redetermine the amount of the loss, both for purposes of the sentence and restitution." Rutkoske, 506 F.3d at 180.

---

[1] Probation, Judge Casey and the Court of Appeals used the Guidelines Manual effective November 1, 1998, as does this Court.

Defendant seeks bail, pursuant to 18 U.S.C. § 3143(a). The government -- citing United States v. Olis, 450 F.3d 583 (5th Cir. 2006), United States v. Krilich, 178 F.3d 859 (7th Cir. 1999), United States v. Holzer, 848 F.2d 822 (7th Cir. 1988), and United States v. Ben-Ari, 03 Cr. 1471, 2005 WL 1949980 (S.D.N.Y. Aug. 15, 2005) -- argues that 18 U.S.C. § 3143(b) applies, and that bail should not be granted. Another district judge in the Second Circuit has concluded that 18 U.S.C. § 3143(a) applies. United States v. Pfeiffer, 886 F. Supp. 303 (E.D.N.Y. 1995).[2]

16 levels of Judge Casey's Guidelines calculation are not affected by the Court of Appeals' opinion, which (as far as sentence issues go) found fault with the calculation of the loss enhancement only.[3] Defendant has come very close to having served that part of his sentence which is not affected by the loss enhancement, i.e., 21 months. He surrendered to the Bureau of Prisons, the Court is informed, on October 26, 2006, from which date 21 months will be completed on July 16, 2008.[4]

---

[2] The Sixth Circuit, in dictum, has suggested that 18 U.S.C. § 3143(a) applies. United States v. Watkins, 994 F.2d 1192, 1196 n.7 (6th Cir. 1993).

[3] The Court has advised counsel that an issue they will have to address is how Gall v. United States, 128 S. Ct. 586 (2007), affects defendant's sentencing on remand. (Gall was decided some seven weeks after the Court of Appeals decision remanding the case for resentence.) The Court makes no assumption at this time as to whether or how to apply Gall here.

[4] Defendant states that he currently has 77 days of good time credit (Def. Application/Motion for Bail, March 20, 1998, at 5). If that is correct and if defendant were to receive a sentence upon remand not greater than 21 months, such sentence would already have been served.

The government suggests that defendant's sentence on remand may exceed the total of 108 months imposed by Judge Casey, while defendant contends it should be time served. Since the next step in this case involves the government's offering of proof, consistent with the Court of Appeals' decision, under U.S.S.G. § 2F1.1(b)(1) (1998), and that has not yet occurred, the Court can make no prediction as to what sentence should be expected.

**2.**

The Court is convinced that 18 U.S.C. § 3143(a) applies.

The determination that 18 U.S.C. § 3143(b) should apply was initially made in <u>Holzer</u>, 848 F.2d at 823-24; the other cases cited by the government essentially follow <u>Holzer</u>: see <u>Krilich</u>, 178 F.3d at 860-52; <u>Olis</u>, 450 F.3d at 586; <u>Ben-Ari</u>, 2005 WL 1949980 at *2. The Court is persuaded by Judge Weinstein's analysis of the issue in <u>Pfeiffer</u>, 886 F. Supp. at 304, including his analysis of <u>Holzer</u>, that 18 U.S.C. § 3143(a) should apply because its language better fits the situation of a remand for even a partial resentence than does the language of 18 U.S.C. § 3143(b).

The present case, of course, is not identical to <u>Pfeiffer</u>, where the defendant had not served any part of the 24-month sentence that had been vacated and remanded by the Second Circuit. But, here, as noted above, defendant has served all or close to all of that part of his sentence left undisturbed by the Second Circuit: there is a close analogy in the remand in the

3

present case to the imposition of a sentence <u>de novo</u>. Defendant can be said to be, now, "in the same position as before the original sentence was imposed," as Judge Baer put it in <u>Ben-Ari</u>, 2005 WL 1949980 at *3, given service of the unaffected portion of his sentence.

18 U.S.C. § 3143(a) permits bail where there is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. Since the government has acknowledged that defendant is not a flight risk and will not pose a danger if released, defendant is eligible for bail on appropriate conditions.

The Court will hold a conference shortly to discuss conditions of release and to set a schedule for addressing the necessary issues on remand.

SO ORDERED.

Dated: May 9, 2008

_____
Lawrence M. McKenna
U.S.D.J.

4